UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SAMUEL J. ALBURY III,

Plaintiff,

v.

STRATEGIC STAFFING SOLUTIONS,

Defendants.

Case No. 2:24-cv-02003-CDS-EJY

**ORDER**

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint for Employment Discrimination (ECF Nos. 1, 1-1).

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See*, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, Case No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at \*1 (S.D. Cal. June 9, 2016).

Here, Plaintiff's application calls into question an inability to pay the filing fee. Plaintiff's monthly income is substantial and while he has expenses he does not establish an inability to pay a one time filing fee of $405.00. Thus, although the Court is not unsympathetic to the cost associated with commencing an action, Plaintiff's *in forma pauperis* application is denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff may choose to (1) file an amended long form *in forma pauperis* application that may support his inability to pay the filing fee or (2) pay the $405 filing fee required to commence an action in the United States District Court for the District of Nevada. Plaintiff **must** either file the long form *in forma pauperis* application or pay the $405 filing fee no later than **November 25, 2024**.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff a copy of the long form application to proceed *in forma pauperis* together with the instructions for completing the same.

IT IS FURTHER ORDERED that the Clerk of Court will retain Plaintiff's Complaint but will not file it at this time.

IT IS FURTHER ORDERED that Plaintiff's failure to file a long form *in forma pauperis* application or pay the filing fee by **November 25, 2024** will result in a recommendation that this matter be dismissed without prejudice in its entirety.

Dated this 25th day of October, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE