UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAMUEL J. ALBURY III, | Case No. 2:24-cv-02003-CDS-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| STRATEGIC STAFFING SOLUTIONS, | |
| Defendants. | |

Pending before the Court is Plaintiff's Amended Application to Proceed *in forma pauperis* ("IFP") and Complaint for Employment Discrimination (ECF Nos. 6, 1-1). Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's amended IFP application demonstrates he meets the standard set forth by the statute and his application is granted.

**I.      Screening the Complaint**

Upon granting Plaintiff's IFP application the Court must screen her Complaint under 28 U.S.C. § 1915(e)(2). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In making this determination, the Court takes as true all allegations of material fact stated in the complaint and construes these facts in the light most favorable to the plaintiff. *Warshaw v. Xoma*

1  *Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id*.  Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.  "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.   Jurisdiction**

"Federal courts may exercise either general or specific personal jurisdiction over a defendant. *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, Case No. 2:12-cv-00146-LDG-CWH, 2012 WL 4846152, at *3 (D. Nev. Oct. 10, 2012) (internal citations omitted).  To establish general jurisdiction, a defendant must have sufficient contacts with the forum state to constitute the "kind of continuous and systematic general business contacts that approximate physical presence." *AMC Fabrication*, 2012 WL 4846152, at *3 (internal citation omitted).  Plaintiff pleads no facts to establish general jurisdiction over any defendant identified in his Complaint.

1   A district court may exercise specific jurisdiction over a defendant if the causes of action "arise[] out of or relate to" the defendant's in-state activity. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Determining whether specific jurisdiction exists over an out-of-state defendant involves two inquiries: (1) whether a forum state's long-arm statute permits service of process, and (2) whether the assertion of personal jurisdiction would violate due process. *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1177, 1180 (9th Cir. 2004). Because Nevada's long-arm statute, NRS § 14.065, reaches the "outer limits of federal constitutional due process," the Court need only analyze whether exercising specific jurisdiction over defendants comports with due process. *Certain-Teed Prods. Corp. v. Second Judicial Dist. Ct.*, 479 P.2d 781, 784 (Nev. 1971).

Specific jurisdiction requires a defendant to have taken "some act by which [it] purposefully avails itself of the privilege of conduct activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. —, 141 S. Ct. 1017, 1024 (2021) (citation omitted). The contacts "must be the defendant's own choice and ... must show that the defendant deliberately reached out beyond its home." *Id.* at 1025 (citations omitted). The Ninth Circuit employs a three prong test to assess whether a defendant has sufficient minimum contacts with the forum state to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The burden falls initially on the plaintiff to show the first two prongs but subsequently shifts to the defendant to show the third. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).

Here, a review of Plaintiff's Complaint shows he pleads no facts showing any events underlying his claims occurred in the State of Nevada. Instead, Plaintiff names a Defendant located

in Michigan and says he was employed in Florida. ECF No. 1-12 at 2-3. With the only named Defendant located out of state, and all events occurring in a state other than Nevada, the Court finds no basis for an exercise of personal jurisdiction.

### III. Plaintiff's Discrimination Claims

To state a claim for race discrimination under Title VII of the 1964 Civil Rights Act Plaintiff must allege facts showing he: (a) belongs to a protected class; (b) was qualified for the job he was performing; (c) was subjected to an adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *Shepard v. Marathon Staffing, Inc.*, 2014 U.S. Dist. Lexis 76097, *5 (D. Nev. June 2, 2014) (citing *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)). Here, Plaintiff pleads he was asked if questions like: "did he lived in the ghetto." ECF No. 1-5.

To state a claim for Age Discrimination in Employment Act ("ADEA"), Plaintiff must allege he: (a) is at least forty years old; (b) was performing his job satisfactorily; (c) was discharged; and (d) was either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination. *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1281 (9th Cir. 2000). To support his age based claim, Plaintiff offers the apparent year of his birth and that he was sked if he lived in a senior community. ECF No. 1-5.

To state a retaliation claim Plaintiff must allege: (a) he engaged in a protected activity; (b) he suffered an adverse employment action; and (c) there is a causal link between his protected activity and the adverse employment action. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). Plaintiff states that he complained about age and race discrimination and was terminated very soon thereafter.

Viewing these facts in a light most favorable to Plaintiff, the Court finds Plaintiff pleads facts sufficient to allow discrimination and retaliation claims to proceed. However, in the absence of personal jurisdiction over Defendant, the case may not proceed in Nevada.

### IV. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED without prejudice. Plaintiff may file an amended complaint no later than **December 20, 2024**. The amended complaint must plead facts demonstrating sufficient to establish personal jurisdiction over the Defendant. This requires facts showing the defendant engaged in acts in Nevada relating to his employment discrimination and retaliation claims. If the events about which Plaintiff complains occurred in a state other than Nevada, Plaintiff may wish to consider bringing his claim in that state.

IT IS FURTHER ORDERED that Plaintiff's failure to file an amended complaint by or before **December 20, 2024** will result in a recommendation that this matter be dismissed without prejudice in its entirety.

Dated this 23rd day of November, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE