UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Samuel J. Albury III, | Case No. 2:24-cv-02003-CDS-EJY |
| Plaintiff | **Order Adopting Magistrate Judge's Report and Recommendation** |
| v. | |
| Strategic Staffing Solutions, | [ECF No. 8] |
| Defendant | |

United States Magistrate Judge Elayna Youchah dismissed plaintiff Samuel J. Albury's complaint without prejudice to allow Albury an opportunity to demonstrate facts showing that defendant Strategic Staffing Solutions engaged in acts relating to his discrimination and retaliation claims in Nevada. Order, ECF No. 7. The court warned Albury that failure to amend the complaint by December 20, 2024, would result in a recommendation of dismissal. *Id.* at 5. After the deadline expired without a response from Albury, Judge Youchah issued a report recommending (R&R) that this matter be dismissed without prejudice. R&R, ECF No. 8. Because it was unclear if Albury was aware of his right to object to the magistrate judge's R&R, I sua sponte extended the time for Albury to file specific written objections before ruling on the recommendation to dismiss. Order, ECF No. 9. Albury had until January 31, 2025, to file an objection or otherwise respond. *Id.* at 2. As of the date of this order, Albury has neither objected, amended his complaint, nor moved for an extension of time to do either.

Although "no review is required of a magistrate judge's report and recommendation unless objections are filed,"[1] the Ninth Circuit has instructed courts to consider the following factors in determining whether to dismiss an action for failure to comply with the court's order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

---

[1] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 991–2 (9th Cir. 1999) (affirming dismissal for failure to timely file an amended complaint, applying the five factors).

The first two factors, the public's interest in expeditious resolution of litigation as well as the court's need to manage its docket, weigh in favor of dismissal. Albury failed to comply with the court's order to file an amended complaint demonstrating facts sufficient to establish personal jurisdiction over Strategic Staffing Solutions. This failure to amend has caused the action to come to a complete halt as it is impossible to move forward without an operative complaint. It has long been recognized that the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate. *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986). And "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990.

The third factor for consideration, the risk of prejudice to the defendants, also weighs in favor of dismissal. Although Strategic Staffing has not yet been served, and the mere pendency of a lawsuit is not sufficiently prejudicial to warrant dismissal, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (recognizing that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," but finding that the plaintiff provided a non-frivolous explanation for his lack of diligence). Here, Albury has not offered any excuse for his failure to comply with the court's order to timely amend, which has caused an unexplained and unreasonable delay.

The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228

(9th Cir. 2006). Because it is Albury's responsibility to move the case toward disposition at a reasonable pace, I find that the fourth factor is greatly outweighed by the factors favoring dismissal.

The fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Albury was provided adequate warning that dismissal would result from his failure to comply with the court's orders. *See e.g.*, ECF No. 5 at 2; ECF No. 7 at 5; ECF No. 8; ECF No. 9 at 2. His failure to do so, despite multiple warnings of the consequences, leaves the court with two alternatives: dismiss the action or leave it pending indefinitely without an operative complaint. There is thus no lesser alternative to dismissal available here.

### Conclusion

Because I find that four of the five factors strongly support dismissal, I **adopt** the magistrate judge's report and recommendation **[ECF No. 8]**, therefore this case is **dismissed without prejudice.** The Clerk of Court is directed to enter judgment accordingly and to close this case.

Dated: February 5, 2025

_____
Cristina D. Silva
United States District Judge